Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| MICHAEL BRUNELLE CURET<br><br>**Apelado**<br><br>v.<br><br>CARMEN MATILDE RIVERA ZAMBRANA Y OTROS<br><br>**Apelante** | **TA2026AP00155** | ***APELACIÓN***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Caso Núm.:<br>**PO2022CV02348**<br><br>Sobre:<br><br>**INCUMPLIMIENTO DE CONTRATO** |

Panel integrado por su presidente el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de febrero de 2026.

Comparece ante nos Carlos José Pallens Feliciano, en adelante, Pallens Feliciano o peticionario, a través de un recurso de *"Apelación Civil"*. En la misma, solicita nuestra revisión de la *"Resolución"* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, en adelante, TPI-Ponce el 29 de enero de 2026, mediante la cual se declaró *"No Ha Lugar"* una solicitud de relevo de orden y una solicitud de desestimación sumaria. Sin embargo, evaluada la naturaleza de este recurso, acogemos el mismo como una petición de *certiorari*, manteniendo el código alfanumérico asignado por la Secretaria de este Tribunal.

Las partes del caso de marras han estado inmiscuidas en una acción civil por incumplimiento contractual y daños y perjuicios desde el 23 de agosto de 2022. El pleito versa sobre un acuerdo de compraventa de motores, suscrito en el año 2020 entre Michael Brunelle Curet y Pallens Feliciano.

Luego de varios asuntos procesales, incluido un recurso de certiorari atendido por un panel hermano el 7 de octubre de 2025,[1] el peticionario, quien es uno de los codemandados en el pleito, presentó una *"Moción de Relevo de Orden (Entrada 255) y/o Resolución de Orden"* el 30 de septiembre de 2025 y una *"Solicitud de desestimación sumariamente de demanda enmendada por estar prescrita la causa de acción de saneamiento de vicios ocultos y/o manifiestos y se dicte sentencia parcial"* el 21 de octubre de 2025. Luego de las respectivas oposiciones a estas, el TPI-Ponce dictó la *"Resolución"* recurrida el 29 de enero de 2026.

Evaluada la petición de certiorari, y prescindiendo de la comparecencia de la parte recurrida al amparo de la facultad conferida por la Regla 7(B)(5) de nuestro Reglamento,[2] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 15, 216 DPR __ (2025), este Tribunal concluye que el peticionario no pudo establecer que el Foro Primario hubiera incurrido en error alguno, por lo que no se justifica nuestra intervención en este asunto. Igualmente, no hallamos base para concluir que en este caso concurren los criterios establecidos en la Regla 40 de nuestro Reglamento, supra, pág. 63, para expedir el auto de certiorari. En consecuencia, *denegamos su expedición.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[1] TA2026CE00557

[2] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". Reglamento del Tribunal de Apelaciones, supra.